| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>JaVonne M. Phillips, Esq. SBN 187474<br>Kelly Kaufmann, Esq. SBN 249195<br>McCarthy & Holthus, LLP<br>411 Ivy Street<br>San Diego, CA 92101<br>Phone (877) 369-6122<br>Fax (619) 685-4811<br>bknotice@mccarthyholthus.com | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 14 2020**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** kaaumoan **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |
|---|---|
| ☒ *Attorney for Movant*<br>☐ *Movant appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - *LOS ANGELES* DIVISION**

| In re:<br><br>Corey Demon Sims,<br>dba Neutral Ground Inc.,<br>aka Corey Sims<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:19-bk-19146-WB<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362**<br>**(REAL PROPERTY)**<br><br>DATE: 1/14/2020<br>TIME: 10:00 A.m.<br>COURTROOM: 1375<br>PLACE: 255 E. Temple Street<br>Los Angeles CA, 90012 |
|---|---|

**Movant:** The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-1, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ **Settled by stipulation**
   *(Docket No. 53)*

2. The Motion affects the following real property (Property):

   *Street address*:    1320 West 53rd Street
   *Unit/suite number*:
   *City, state, zip code*:    Los Angeles, CA 90037

   Legal description or document recording number (including county of recording):
   03 3271794, Los Angeles County, CALIFORNIA

☐ See attached page.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. The Motion is granted under:

   a. ☐ 11 U.S.C. § 362(d)(1)

   b. ☐ 11 U.S.C. § 362(d)(2)

   c. ☐ 11 U.S.C. § 362(d)(3)

   d. ☐ 11 U.S.C. § 362(d)(4).  The filing of the bankruptcy petition was part of a scheme to hinder, delay, or defraud creditors that involved:

      (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval; and/or

      (2) ☐ Multiple bankruptcy cases affecting the Property.

      (3) ☐ The court   ☐ makes   ☐ does not make   ☐ cannot make a finding that the Debtor was involved in this scheme.

      (4) If recorded in compliance with applicable state laws governing notices of interests or liens in real property, this order shall be binding in any other case under this title purporting to affect the Property filed not later than 2 years after the date of the entry of this order by the court, except that a debtor in a subsequent case under this title may move for relief from this order based upon changed circumstances or for good cause shown, after notice and a hearing.  Any federal, state or local government unit that accepts notices of interests or liens in real property shall accept any certified copy of this order for indexing and recording.

4. ☒ As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to the Debtor and the Debtor's bankruptcy estate.

   b. ☒ Modified or conditioned as set forth in Exhibit A to this order.

   c. ☐ Annulled retroactively to the bankruptcy petition date.  Any postpetition acts taken by Movant to enforce its remedies regarding the Property do not constitute a violation of the stay.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a proof of claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant must not conduct a foreclosure sale of the Property before (*date*) _____.

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Agreement contained within this order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

9. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, as to the same terms and conditions as to the Debtor.

10. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.

11. This order is binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of the Bankruptcy Code.

12. Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement.  Movant, through its servicing agent, may contact the Debtor by telephone or written correspondence to offer such an agreement.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014    Page 2    F 4001-1.RFS.RP.ORDER

13. Upon entry of this order, for purposes of Cal. Civ. Code § 2923.5, the Debtor is a borrower as defined in Cal. Civ. Code § 2920.5(c)(2)(C).

14. ☐ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy case concerning the Property for a period of 180 days from the hearing of this Motion

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

15. ☐ This order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

16. ☐ This order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

17. ☐ This order is binding and effective in any future bankruptcy case, no matter who the debtor may be

    (a) ☐ without further notice.

    (b) ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

18. ☐ Other (*specify*):

###

Date: January 14, 2020

*(signed)* Julia W Brand
Julia W. Brand
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                    Page 3                          F 4001-1.RFS.RP.ORDER

JaVonne M. Phillips, Esq. SBN 187474
Kelly Kaufmann, Esq. SBN 249195
**McCarthy & Holthus, LLP**
411 Ivy Street
San Diego, CA 92101
Phone (877) 369-6122
Fax (619) 685-4811

Attorneys for Secured Creditor, The Bank of New York Mellon, f/k/a The Bank of New York, as trustee, on behalf of the holders of the CWABS, Inc., Asset-Backed Certificates, Series 2004-1, its assignees and/or successors, by and through its servicing agent Select Portfolio Servicing, Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re: | ) Case No. 2:19-bk-19146-WB |
| | ) |
| Corey Demon Sims, | ) Chapter 11 |
| dba Neutral Ground Inc., | ) |
| aka Corey Sims, | ) |
| | ) **STIPULATION RESOLVING MOTION** |
| Debtor. | ) **FOR RELIEF FROM AUTOMATIC STAY** |
| | ) **[Dkt 43] AND FOR ADEQUATE** |
| | ) **PROTECTION AND PLAN TREATMENT** |
| | ) **ON FIRST LIEN SECURED BY REAL** |
| | ) **PROPERTY LOCATED AT 1320 WEST** |
| | ) **53RD STREET, LOS ANGELES, CA 90037** |
| | ) |
| | ) |
| | ) Date: 1/14/2020 |
| | ) Time: 10:00 A.m. |
| | ) Ctrm: 1375 |
| | ) Place: 255 E. Temple Street |
| | ) Los Angeles CA, 90012 |
| | ) |
| | ) |
| | ) Judge Julia W. Brand |
| | ) |
| | ) |
| | ) |

1

File No. CA-19-156902
Stipulation, Case No. 2:19-bk-19146-WB

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the amount of $_____ commencing *(date)*_____.
   The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

   Select Portfolio Servicing, Inc.
   Attn: Remittance Processing
   P.O. Box 65450
   Salt Lake City, UT 84165-0450

3. ☐ The Debtor must cure the postpetition default computed through _____ in the sum of _____ as follows:

   a. ☐ In equal monthly installments of _____ each commencing *(date)*_____ and continuing thereafter through and including *(date)*_____.
   b. ☐ By paying the sum of $ _____ on or before *(date)*_____,
   c. ☐ By paying the sum of $ _____ on or before *(date)*_____,
   d. ☐ By paying the sum of $ _____ on or before *(date)*_____,
   e. ☐ Other *(specify)*:

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before *(date)* _____
   The disclosure statement must be approved on or before *(date)* _____
   The plan must be confirmed on or before *(date)* _____

6. ☐ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of *(number)* **(3) (three)** notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure,

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                              Page 4                              F 4001-1.RFS.RP.ORDER

to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): See below:

    (1) Secured Creditor holds a fully secured first lien on the Subject Property.

    (2) Commencing 2/1/2020 through 4/1/2020, Debtor shall make regular monthly payments to Secured Creditor in the amount of $1,610.42. These payments will be applied contractually to the loan.

    (3) Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 2454, or as otherwise directed.

    (4) All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

    (5) All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

    (6) In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

    (7) In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor shall may proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

    (8) Effective 5/1/2020, the automatic stay is immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with foreclosure and hold a trustee's sale on the Subject Property, pursuant to applicable state law, and without further Court Order of proceeding being necessary may commence any action necessary to obtain complete possession of the subject property, including unlawful detainer, if required.

    (9) The 14 day stay provided by FRBP 4001(a)(3) is waived upon entry of the Order on this stipulation.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                               Page 5                                      F 4001-1.RFS.RP.ORDER

(10) Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

(11) Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

(12) If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note

Date  1/10/20

/s/ Kelly Kaufmann
Kelly Kaufmann, Esq.
Attorney for Movant

Date  1/9/20

Thomas B. Ure, Esq.
Attorney for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                Page 6                              F 4001-1.RFS.RP.ORDER

# ADEQUATE PROTECTION AGREEMENT

*(This attachment is the continuation page for paragraph 7 of this order.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☐ The Debtor must make regular monthly payments in the amount of $_____ commencing (*date*)_____. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant under this Adequate Protection Agreement must be paid to Movant at the following address:

    Select Portfolio Servicing, Inc.
    Attn: Remittance Processing
    P.O. Box 65450
    Salt Lake City, UT 84165-0450

3. ☐ The Debtor must cure the postpetition default computed through _____ in the sum of _____ as follows:

    a. ☐ In equal monthly installments of _____ each commencing (*date*)_____ and continuing thereafter through and including (*date*)_____.
    b. ☐ By paying the sum of $_____ on or before (*date*)_____,
    c. ☐ By paying the sum of $_____ on or before (*date*)_____,
    d. ☐ By paying the sum of $_____ on or before (*date*)_____,
    e. ☐ Other (*specify*):

4. ☐ The Debtor must maintain insurance coverage on the Property and must remain current on all taxes that fall due postpetition with regard to the Property.

5. ☐ The Debtor must file a disclosure statement and plan on or before (*date*) _____
    The disclosure statement must be approved on or before (*date*) _____
    The plan must be confirmed on or before (*date*) _____

6. ☐ Upon any default in the terms and conditions set forth in paragraphs 1 through 5 of this Adequate Protection Agreement, Movant must serve written notice of default to the Debtor and the Debtor's attorney, if any. If the Debtor fails to cure the default within 14 days after service of such written notice:

    a. ☐ The stay automatically terminates without further notice, hearing or order.
    b. ☐ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
    c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
    d. ☐ The Movant may move for relief from the stay on regular notice.

7. ☐ Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtor shall be entitled to a maximum of (*number*) **(3) (three)** notices of default and opportunities to cure pursuant to the preceding paragraph. Once the Debtor has defaulted this number of times on the obligations imposed by this order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure,

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                  Page 4                              F 4001-1.RFS.RP.ORDER

    to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on the Debtor's defaults under this Adequate Protection Agreement, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): See below:

    (1) Secured Creditor holds a fully secured first lien on the Subject Property.

    (2) Commencing 2/1/2020 through 4/1/2020, Debtor shall make regular monthly payments to Secured Creditor in the amount of $1,610.42. These payments will be applied contractually to the loan.

    (3) Payments shall be made directly to Secured Creditor, Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450, with reference to the last four digits of the Loan Number 2454, or as otherwise directed.

    (4) All escrow advances will remain due and owing on the loan and will be repaid through the escrow account on this loan.

    (5) All other terms of the Deed of Trust and Note not directly altered by this agreement will remain in full force and effect.

    (6) In the event of a default on payments to Secured Creditor under the terms of this stipulation prior to the entry of the confirmation order, Secured Creditor shall notify Debtor and Debtor's counsel of the default in writing. Debtor shall have ten (10) calendar days from the date of the written notification to cure the default, and Debtor agrees to pay an additional $100.00 for attorneys' fees for each occurrence. If Debtor fails to cure the default, Secured Creditor may lodge a declaration of default and order terminating the automatic stay and include that the 14-day stay as provided in FRBP 4001(a)(3) is waived. Upon entry of the order the automatic stay shall be terminated and extinguished for purposes of allowing Secured Creditor to notice, proceed with, and hold a trustee's sale of the Subject Property, pursuant to applicable state law and without further Court Order or proceeding being necessary, including any action necessary to obtain complete possession of the Subject Property, including unlawful detainer.

    (7) In the event of a default on payments to Secured Creditor under the terms of this stipulation after the entry of the confirmation order, Secured Creditor ~~shall~~ **may** proceed pursuant to the terms of the underlying Note and Deed of Trust, and state and federal law, to obtain complete possession of the Subject Property, including unlawful detainer, without further Court Order or proceeding being necessary. Any and all default provisions included in Debtor's Chapter 11 Plan are not applicable to Secured Creditor with regard to the Subject Property, and Secured Creditor is only bound by the terms included in this stipulation.

    (8) Effective 5/1/2020, the automatic stay is immediately terminated and extinguished for all purposes as to Secured Creditor and Secured Creditor may proceed with foreclosure and hold a trustee's sale on the Subject Property, pursuant to applicable state law, and without further Court Order ~~of~~ **or** proceeding being necessary may commence any action necessary to obtain complete possession of the subject property, including unlawful detainer, if required.

    (9) The 14 day stay provided by FRBP 4001(a)(3) is waived upon entry of the Order on this stipulation.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                                              Page 5                                         **F 4001-1.RFS.RP.ORDER**

(10) Debtor agrees to incorporate the above agreed terms of lien treatment into any and all existing and future proposed Chapter 11 Plans and, if any terms in Debtor's Chapter 11 Plan conflict with the terms of this stipulation the terms of this stipulation will control. In the event that Debtor's Chapter 11 Plan does not reflect the language of this stipulation it will be incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

(11) Secured Creditor agrees to vote for Debtor's Chapter 11 Plan provided it reflects the agreed plan treatment contained in this stipulation, or the terms of the stipulation are incorporated into the confirmation order through exact language, attachment of a copy of the stipulation, or by reference of the filed stipulation with docket number.

(12) If this Chapter 11 bankruptcy is dismissed or converted to another chapter under title 11, Secured Creditor's lien shall remain a valid secured lien for the full amount due under the original Promissory Note and all payments received under this agreement will be applied contractually under the original terms of the Deed of Trust and original Promissory Note

Date  1/10/20                           /s/ Kelly Kaufmann
                                        Kelly Kaufmann, Esq.
                                        Attorney for Movant


Date _____                          See Signed Stipulation
                                        Thomas B. Ure, Esq.
                                        Attorney for Debtor

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2014                               Page 6                               F 4001-1.RFS.RP.ORDER