PETER C. ANDERSON
UNITED STATES TRUSTEE
Jill M. Sturtevant
Assistant United States Trustee
Dare Law, SBN 155714
Trial Attorney
Office of the United States Trustee
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
Tel: (213) 894-4925
Fax: (213) 894-2603
Email: dare.law@usdoj.gov

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>**COREY DEMON SIMS**<br><br>Debtor. | Case No. 2:19-bk-19146 WB<br><br>Chapter 11<br><br>OBECTION TO MOTION TO APPROVE EMPLOYMENT OF THOMAS B. URE AS GENERAL BANKRUPTCY COUNSEL [docket # 63]<br><br>Hearing Date<br>Date: TO BE SET BY APPLICANT<br>Time: a.m.<br>Place: Courtroom 1575<br>         255 E. Temple St.<br>         Los Angeles, CA 90017 |

TO THE HONORABLE JULIA BRAND, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S ATTORNEY OF RECORD, AND OTHER INTERESTED PARTIES:

The United States Trustee has reviewed the application of Thomas B. Ure to be employed as general counsel to the Debtor [docket #63] and objects to his employment for the following reasons:

This case was filed on August 6, 2019 as a voluntary chapter 11 case by Debtor in pro per. On August 20, 2019, Thomas Ure, Esq. filed a substitution of attorney to represent the Debtor as general counsel. See, docket # 19. Mr. Ure did not file this Motion for order authorizing Debtor in Possession to employ general bankruptcy counsel until January 17, 2020, five months after

substituting into the case. *See*, PACER docket number 63. Buried in the application is the request for employment to be effective on August 12, 2019. *See*, Motion, page 3, para. 1(a). Nowhere in the Motion is there an explanation why the motion for authority to employ him as general counsel was not filed earlier.

1. *Nunc Pro Tunc* employment should be denied.

While it is understandable that the "press of business" does not always allow the applicant to immediately submit an employment application for needed professionals, this application is approximately five months late. Additionally, o information is provided regarding the amount of work or the fees which have been incurred to date by this professional. There are also no "first day" motions filed for use of cash collateral or other urgent motions filed in this case, indicating there was no "press of business" hindering the filing of this motion to approve employment of general counsel.

The caselaw is well established in the Ninth Circuit regarding *nunc pro tunc* employment. In the case of *In re THC Financial*, 837 F.2d 389 (9th Cir. 1988) the court stated that to employ a professional retroactively there must exist "exceptional circumstances where an applicant can show both a satisfactory explanation for the failure to receive prior judicial approval and that he or she has benefitted the estate in some significant manner". An order authorizing retroactive employment is not to be routinely issued. *See, In re Crook*, 79 B.R. 475 (9th Cir. BAP 1987). There is no right to receive a retroactive order, and limiting them to "extraordinary circumstances will deter attorneys from general nonobservance of section 327. *See, In re Kroeger*, 57 B.R. 821, 822-823 (9th Cir, BAP 1986). Mere negligence or inattention is not sufficient to establish the requisite extraordinary circumstances. *See, In re Downtown Investment Club III*, 89 B.R. 59, 63 (9th Cir. BAP 1988). Therefore, nunc pro tunc approval of a retention order should only be granted in narrow situations and that the delay in seeking court approval must have resulted from extraordinary circumstances. *Cushman & Wakefield of Ct. v. Keren, Ltd. Partnership (In re Keren Ltd. Partnership)*, 189 F.3d 86 (2nd Cir. 1999).

While the United States Trustee understands the Debtor's need for general counsel, Applicant has not stated any facts justifying the five-month delay when he finally submitted this

employment application on January 17, 2020. Applicant did not comply with the applicable employment standards of this Court and Local Bankruptcy Rules, as well as with the United States Trustee Guidelines. The application does not state with whom the fault lies for the delay. The inability to comply with proper employment rules is not an "exceptional circumstance" under *THC Financial* or *Downtown Investment Club* and cannot be used as a basis for retroactive employment.

2. <u>Assisting Debtor with preparing Monthly Operating Reports should be denied.</u>

Mr. Ure seeks to be allowed to assist Debtor in preparing Monthly Operating Reports. *See*, Motion, page 3, para 1(b)(j). A review of the filing of MORs in this case shows the following:

| MOR # | Docket # | Due Date | Date Filed | Days Late |
|---|---|---|---|---|
| 1 | 38 | 9/15/2019 | 10/04/2019 | 20 |
| 2 | 48 | 10/15/2019 | 11/18/2019 | 35 |
| 3 | 55 | 11/15/2019 | 01/10/2020 | 57 |
| 4 | 56 | 12/15/2019 | 01/13/2020 | 30 |
| 5 | 64 | 01/15/2020 | 01/22/2020 | 8 |

Clearly, Mr. Ure has not been properly assisting the Debtor in preparing the MORs as they are deficient with respect to reporting all disbursements made on or behalf of the Debtor, and have been very late in filing. Mr. Ure knew or should have known that all disbursements, including personal expenses for this individual Debtor, should have been reported on the MOR and as experienced bankruptcy counsel, knew that MORs are due fifteen days after the end of the month. Given the deficiencies in the MOR and the lateness of filing, Mr. Ure has not shown any proficiency in the preparation of MORs to justify his hourly rate to be charged, nor has he shown that he complies with the requirement that such MORs must be timely filed with the Court.

Query how the Court, creditors, and the United States Trustee can review the plan of reorganization and disclosure statement [docket # 57 and #58 respectively filed on 01/13/2020, as the MORs do not contain sufficient information to make an actual comparison of expenses to the financial projections in the disclosure statement. Applicant should not be allowed to assist in the preparation of deficient MORs and seek fees for his time doing so.

3. <u>Applicant has been receiving unauthorized post-petition retainers.</u>

The Motion and Declaration of the Debtor states that Debtor has paid post-petition retainers to Applicant as follows:

| Amount | Date Paid |
|---|---|
| $3,361.00 | 09/19/2019 |
| $ 850.00 | 11/01/2019 |
| $ 150.00 | 11/12/2019 |
| $1,000.00 | 01/02/2020 |
| $ 500.00 | 01/07/2020 |
| $ 300.00 | 01/10/2020 |
| $ 200.00 | 01/13/2020 |

$6,63100 Total

Mr. Sims declaration states that the source of the funds was from "Debtor". Given that Mr. Sims does not have an independent source of income other than rents which are cash collateral, query why a motion for use of cash collateral was not filed. Importantly, in violation of the Bankruptcy Code, there is no basis or was there any notice for any post-petition retainer to be paid. Thus, Mr. Ure received post-petition retainers without Court authority. These payments to Mr. Ure are also not reflected in the Monthly Operating Reports, making such MORs unreliable in terms of full disclosure of Debtor's finances.

Given the frequency of the unauthorized post-petition payments, such payments are tatamount to *Knudsen* payments. The seminal case for the genesis of risk minimizing devices to protect Chapter 11 professionals from the risk of non-payment is *In re Knudsen Corporation,* 84 B.R. 668 (9th Cir. BAP 1988). In what was characterized as a large case, the court approved a monthly fee application procedure similar to the evergreen retainer or the security retainer permitting periodic replenishment of the professionals' retainers. The stated purpose of approving use of the procedure was to address " ... the problem, arising especially in large cases, that when counsel must wait an extended period for repayment, counsel is essentially compelled to finance

the reorganization. This result is improper and may discourage qualified practitioners from participating in bankruptcy cases." *Id.* at 672.

The *Knudsen* court acknowledged that it could implement this type of fee payment procedure specifically because the case was a controlled liquidation for the benefit of a secured creditor ... [who] ha[d] been providing funding to the Debtors to pay administrative obligations and other expenses and the secured creditor had agreed to payment of the compensation in question out of assets subject to its security agreement. *Knudsen* at 673.

In addition, the *Knudsen* court held that it would authorize such procedure only in rare cases satisfying four conditions: (a) an unusually large case that has an exceptional amount of fees accrue each month; (b) waiting an extended period for payment would place an undue hardship on counsel; (c) the professional is capable of disgorging fees if necessary; and (d) the fee retainer procedure itself is subject to prior notice and hearing before any payment is made. Id. at 672-673 (emphasis added). Not all courts have looked favorably upon interim compensation procedures, however, nor have all agreed that such orders are within the court's power. In *In re Maxton Meat Processors Corporation,* 2000 WL 33673797 (Bankr.M.D.N.C.2000), the court employed the *Knudsen* factors to permit applications for interim compensation to be filed monthly; it refused, however, to allow payment of those monthly applications "without notice and an opportunity to be heard with respect to each interim application." *Id.*  See also *In re Commercial Financial Services, Inc.,* 231 B.R. 351, 355 (Bankr.D.Okla.1999)  Neither Section 330 or 331 provides authority for the outright payment of professional fees prior to at least interim scrutiny by the Court. The legislative history of Section 331 made clear that the  only effect of this section is to remove any doubt that officers of the estate may apply for, and the court may approve, compensation and reimbursement during the case, instead of being required to wait until the end of the case.' ") (quoting H.R.Rep. 595, 95th Cong., 1st Sess. 330 (1977), *U.S.Code Cong. & Admin.News* 1978, 5963, 6287 (emphasis added)); *In re Genlime Group, L.P.,* 167 B.R. 453, 454 (Bankr.N.D.Ohio 1994) (The court cannot agree with the court in *In re Knudsen Corp.* that the language of 328, which provides for the employment of professionals on any reasonable terms and conditions of employment, permits a court to ignore the unambiguous language of 331 which

requires notice and a hearing' preceding disbursements to professionals.). The establishment of compensation procedures permitting professionals to receive payment in advance of court review may be appropriate in certain cases, especially those in which the secured creditor permits its cash collateral to be used to pay the administrative expenses or the post-petition lender includes such a provision in the debtor-in-possession financing agreements. That is not the case herein.

Contrary to *Knudsen*, the instant case is not "essentially a controlled liquidation for the benefit of a secured creditor." *Knudsen*, 84 B.R. at 671. None of the other *Knudsen* factors are present in this case. Also, *Knudsen* payments are only made after Court order authorizing the retention of the professional and authorizing the payments. In this case, Mr. Ure has not obtained an order from this Court authorizing his retention as general counsel nor has he obtained an order from this Court authorizing post-petition retainers or payments.

WHEREFORE, the United States Trustee objects to the *nunc pro tunc* request for retroactive employment to 08/12/2019 and objects to the request to seek approval for employment to assist in preparation of MORs. If employment is approved, the United States Trustee also seeks the right to object to any and all fees for this case up to and including the time prior to employment having been approved.

Dated: 01/23/2020

PETER C. ANDERSON
UNITED STATES TRUSTEE

By: /s/ Dare Law
Dare Law
Attorney for the United States Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**725 South Figueroa Street, Suite 2600, Los Angeles, California 90017-1574**

A true and correct copy of the foregoing document entitled (*specify*): **Objection to Motion to Approve Employment of Thomas B. Ure as General Bankruptcy Counsel [docket #63]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 24, 2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **January 24, 2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **January 24, 2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SEE ATTACHED SERVICE LIST (IF APPLICABLE)**

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 24, 2020 | Stephanie Hill | *Stephanie Hill* |
|---|---|---|
| Date | Print Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

| Name | Capacity | Email Address |
|---|---|---|
| Kelly M Kaufmann | Attorney for Creditor | bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com |
| Mark S Krause | Attorney for Creditor | bankruptcy@zbslaw.com, mkrause@ecf.courtdrive.com |
| Dare Law | Attorney for U.S. Trustee | dare.law@usdoj.gov |
| Lane M Nussbaum | Interested Party | lnussbaum@nussbaumapc.com, info@nussbaumapc.com |
| United States Trustee (LA) | | ustpregion16.la.ecf@usdoj.gov |
| Thomas B Ure | Attorney for Debtor | tbuesq@aol.com, urelawfirm@jubileebk.net; tom@ecf.courtdrive.com |

*SEE NEF FOR CONFIRMATION OF ELECTRONIC TRANSMISSION TO THE U.S. TRUSTEE AND ANY TRUSTEE IN THIS CASE, AND TO ANY ATTORNEYS WHO RECEIVE SERVICE BY NEF.*

2. **SERVED BY U.S. MAIL**

**Debtor:**
**Corey Demon Sims**
7136 Glasgow Ave
Los Angeles, CA 90045

3. **SERVED BY FEDERAL EXPRESS OVERNIGHT MAIL** (Pursuant to the UST's agreement with the Bankruptcy Judge's Courtesy Copy was mailed Federal Express overnight mail to the following address.)

Judge's Copy
Honorable Julia W Brand
U.S. Bankruptcy Court
255 E. Temple Street, Room 940
Los Angeles, CA 90012
Attn: Mail Room Clerk-Judges Copies

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**